UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIO ISLEY SMITH,

                            Plaintiff,

v.                                                             9:06-CV-0505
                                                                        (GTS/ATB)

GARY GREENE, Superintendent;
JOHN DOE, Prison Guard; and
JOHN DOE, Correctional Employee,

                            Defendants.
_____

APPEARANCES:

JULIO ISLEY SMITH, 99-A-6505
  Plaintiff, *Pro Se*
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN                           JAMES SEAMON, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York  12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Julio Isley Smith ("Plaintiff") against former Great Meadow Correctional Facility Superintendent Gary Greene ("Defendant") and two John Doe correctional employees, are the following: (1) Defendant Greene's motion for summary judgment (Dkt. No. 89); and (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendant's motion be granted in its entirety and that Plaintiff's Amended Complaint be dismissed (Dkt. No.

104).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; Plaintiff's claims against the two John Doe Defendants are *sua sponte* dismissed; and Plaintiff's Amended Complaint is dismissed in its entirety.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Plaintiff filed his Amended Complaint in this action on December 12, 2006.  (Dkt. No. 10.)  Generally, construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, between approximately February 27, 2006, and March 16, 2006, while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F.") in Comstock, New York, the above-captioned Defendants violated his constitutional rights.  (*See generally* Dkt. No. 10 [Plf.'s Am. Compl.].)  More specifically, Plaintiff alleges, *inter alia*, that in February 2006 he filed a formal grievance with the New York State Inspector General ("NYSIG") after witnessing an alleged beating of a fellow Muslim prisoner named Cleo Wright.  (*Id*.)  Plaintiff further alleges that, as a result of filing this grievance, Defendant Greene retaliated against him, in violation of his First Amendment rights, by ordering his transfer to Auburn Correctional Facility ("Auburn C.F.") on March 16, 2006, the same day that state officials from the NYSIG's office arrived at Great Meadow C.F. to interview Plaintiff about his grievance.  (*Id*.)  Finally, Plaintiff alleges that the John Doe Defendants subjected him to excessive force, in violation of the Eighth Amendment.  (*Id*.)

Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.)

### B. Defendant Greene's Motion for Summary Judgment

On September 24, 2010, Defendant Greene filed a motion for summary judgment seeking dismissal of all claims. (Dkt. No. 89.) Generally, in support of his motion for summary judgment, Defendant Greene argues as follows: (1) Plaintiff has failed to adduce admissible record evidence establishing that Defendant Greene was personally involved in Plaintiff's transfer to Auburn C.F.; (2) even assuming that Defendant Greene was personally involved in Plaintiff's transfer, Plaintiff has failed to adduce admissible record evidence establishing that the transfer was retaliatory in nature; (3) Plaintiff has failed to exhaust his administrative remedies with respect to his claims; and (4) based on the current record, Defendant Greene is protected from liability as a matter of law by the doctrine of qualified immunity. (*Id*.)

On November 18, 2010, after several extensions of time were granted by the Court, Plaintiff filed a response in opposition to Defendant Greene's motion. (Dkt. No. 98.) In his response, Plaintiff argues as follows: (1) Defendant Greene was personally involved in Plaintiff's transfer from Great Meadow C.F. to Auburn C.F.; (2) establishing a *prima facie* case is not necessary to prevail on a conspiracy claim under 48 U.S.C. § 1985; (3) there is no admissible record evidence establishing that Plaintiff was scheduled for transfer prior to the filing of his grievance; (4) Plaintiff failed to exhaust his administrative remedies with respect to his claims because he was threatened and intimidated by prison staff not to do so; and (4) because Plaintiff is suing Defendant Greene in his individual capacity, Defendant Greene is not entitled to qualified immunity. (*Id*.)

On November 24, 2010, Defendant Greene filed a reply to Defendant's response. (Dkt. No. 99.) In his reply, in addition to reiterating previously advanced arguments, Defendant argues that, because Plaintiff's conspiracy claim is beyond the scope of his Amended Complaint, it should be dismissed. (*Id*.)

On January 27, 2011, with permission of the Court, Plaintiff filed a sur-reply. (Dkt. No. 103.) In his sur-reply, Plaintiff argues as follows: (1) because he was not allowed a final opportunity to conduct discovery, the Court has made it impossible for him to (a) respond to Defendant's motion for summary judgment, and (b) establish that Defendant Greene conspired to deny him the right to free speech; (2) he failed to exhaust his administrative remedies because Auburn C.F. correctional officers threatened him, and therefore exhaustion is not a requirement for him to commence this action; (3) Defendant Greene's retaliation effectively chilled him from asserting his constitutional rights; (4) Defendant Greene is not entitled to qualified immunity; and (5) other Defendants were dismissed from this action prematurely. (*Id.*)

### C.    Magistrate Judge Baxter's Report-Recommendation

On February 1, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendant Greene's motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice. (Dkt. No. 104.) In support of his recommendation, Magistrate Judge Baxter found, *inter alia*, as follows: (1) Plaintiff failed to adduce admissible record evidence from which a rational factfinder could conclude that Defendant Greene was personally involved in Plaintiff's transfer to Auburn C.F.; (2) Plaintiff's retaliation claim should be dismissed because (a) the record evidence establishes that he would have been transferred in March 2006 regardless of whether he complained to DOCS or the IG about the alleged assault on another inmate, and (b) the controlling law on the issue of whether an inmate's complaints about the treatment of another inmate are protected by the First Amendment was unclear in 2006, and therefore any DOCS employee personally involved in the decision to transfer Plaintiff would be protected from liability as a matter of law by the doctrine of qualified immunity; and (3) because the Court has granted Plaintiff numerous opportunities to engage in

discovery, articulate and support his claims, and prepare his opposition to the pending motion, Plaintiff cannot, at this late stage, assert a cause of action for conspiracy. (*Id*.) Familiarity with the remaining grounds of Magistrate Judge Baxter's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

On February 10, 2011, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 105.) In his Objections, Plaintiff argues as follows: (1) because the Court previously accepted his conspiracy claim, Magistrate Judge Baxter erred in failing to consider this claim; (2) Plaintiff has adduced record evidence from which a rational factfinder could conclude that he was transferred because of the complaint he filed; (3) the close proximity between the assault on inmate Wright and Plaintiff's transfer suggests that Defendants conspired to have Plaintiff transferred in order to cover up the "racial assault," and therefore Defendants are not entitled to qualified immunity; (4) because the Second Circuit has recognized that a supervisor who "knew of brutality or purposefully avoided finding out about it c[an] be held liable," Plaintiff's claims against Defendant Greene should not be dismissed; and (5) it is "clear law that prison officials may not retaliate against a prisoner for exercising a constitutionally protected right," and that complaining about the treatment of another inmate constitutes constitutionally protected speech. (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

5

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Standard Governing a Motion for Summary Judgment

Magistrate Judge Baxter correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 104.)   As a result, this standard is incorporated by reference in this Decision and Order.

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

III.   ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Baxter's recommendations. Instead, Plaintiff's Objections simply reiterate the arguments Plaintiff presented in his prior papers to the Court. As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation for only clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, and Plaintiff's Objections thereto, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 104 [Report-Recommendation].) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only four points.

First, the Report-Recommendation would survive even a *de novo* review.

Second, Plaintiff is correct that a supervisory official may be held liable when he knows of an ongoing constitutional violation being carried out by his subordinates, yet fails to remedy the wrong. Plaintiff is also correct that prison officials may not retaliate against a prisoner for exercising a constitutionally protected right. However, Plaintiff is incorrect that, in 2006, it was clearly established that filing a complaint about the treatment of another inmate constituted constitutionally protected speech. (Dkt. No. 67, at 6-7 [collecting cases]; Dkt. No. 104, at 21-23 [collecting cases].)

Third, in his Objections, Plaintiff overlooks the fact that, as Magistrate Judge Baxter pointed out in his Report-Recommendation, action taken for both retaliatory and non-retaliatory

7

reasons does not give rise to a First Amendment claim. *See Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). Here, the undisputed material facts establish that, regardless of whether Plaintiff complained about the alleged assault on inmate Wright, he would have been transferred in March 2006.

Fourth, the Court *sua sponte* dismisses Plaintiff's claims against the two John Doe Defendants without prejudice for failure to name and serve them, pursuant to Fed. R. Civ. P. 41(b), and/or Fed. R. Civ. P. 4(m). In concluding that Plaintiff's claims against these two individuals should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), the Court has carefully balanced the five factors that the Second Circuit has stated should be considered under the circumstances.[3] For example, the Court finds that the duration of Plaintiff's failure is more than four years, i.e., from the issuance of the United States District Judge Lawrence E. Kahn's Decision and Order of December 21, 2006 (Dkt. No. 12, at 2-3), to the present.[4] The Court finds that Plaintiff has received adequate notice that this failure to name and/or serve the John Doe Defendants would result in dismissal.[5] The Court finds that the John Doe Defendants, who have

---

[3] *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Fed. R. Civ. P. 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted]; *see also Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004) (articulating same standard in slightly different form); *accord*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, No. 07-0089, 2008 WL 706693, at *1 (2d Cir. March 17, 2008).

[4] *See Ruzsa v. Rubenstein & Sendy Attys at Law*, No. 07-0089, 2008 WL 706693, at *1 (2d Cir. March 17, 2008) (dismissing action, in part because of plaintiff's seven-month delay during prosecution of action).

[5] In part, this notice has come from the following: (1) District Judge Kahn's Decision and Order of December 21, 2006 (Dkt. No. 12, at 2-3); (2) United States Magistrate Judge Gustave J. Di Bianco's Report-Recommendation of December 26, 2007 (Dkt. No. 32, at 3, 8, 12-13); (3) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation of February 3, 2010 (Dkt. No. 64, at 3, 5); (4) United States Magistrate Judge Andrew T. Baxter's Decision and Order of August 12, 2010 (Dkt. No. 84, at 2, 3, 11, 12); (5) United States

never been served or afforded the opportunity to conduct discovery in this matter, are likely to be prejudiced by a further delay.[6]  The Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this matter.[7]  The Court has considered all less-drastic sanctions and finds them to be inadequate or inappropriate under the circumstances.[8]  Finally, in alternatively concluding that Plaintiff's claims against these two John Doe Defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), the Court notes that Plaintiff has not offered "good cause" for his failure to enable the Marshals Service to effect service on these two individuals.[9]

---

Magistrate Judge Andrew T. Baxter's Decision and Order of February 1, 2011 (Dkt. No. 104, at 3, 6); and (6) Local Rule 41.2(a) of the Local Rules of Practice for this Court, which the Clerk's Office has provided to all correctional facilities in New York State.

[6]  *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

[7]  The Court notes that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

[8]  For example, the Court finds that granting Plaintiff another opportunity to amend his claims against these two individuals would be futile, given (1) his previous delay in attempting to amend those claims, and (2) the nature of his previously attempt to amend those claims.

[9]  *See Waldo v. Goord*, 97-CV-1385, 1998 WL 713809, at *5 (N.D.N.Y. Oct. 1, 1998) (Kahn, J.) (dismissing a claim under Fed. R. Civ. 4[m] where pro se plaintiff failed to serve John Doe defendants during the year that elapsed between filing of complaint and issuance of order of dismissal by court); *Thomas v. Keane*, 99-CV-4302, 2001 WL 410095, at * 1, 5 (S.D.N.Y. April 23, 2001) (dismissing claim under Fed. R. Civ. 4[m] where pro se plaintiff failed to serve John Doe defendants during the year that elapsed between filing of complaint and issuance of order of dismissal by court).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 104) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Greene's motion for summary judgment (Dkt. No. 89) is **GRANTED**, and Plaintiff's claims against Defendant Greene are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claims against the two John Doe Defendants are *sua sponte* **DISMISSED without prejudice** for failure to name and serve them, pursuant to Fed. R. Civ. P. 41(b), and/or Fed. R. Civ. P. 4(m); and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 10) is **DISMISSED** in its entirety.

Dated: March 22, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge